## HAMMOND v. PENNSYLVANIA R. CO.

(District Court, W. D. New York. August 3, 1926.)

Damages ⬅➠132(3).

Verdict for $77,000 for injury of fireman 39 years old. earning $1,800 per year, and who sustained fracture of neck, spine, and shoulder blade and lost arm, *held* excessive, and reduction to $47,000 required.

At Law. Action by Edsall J. Hammond against the Pennsylvania Railroad Company. On motion by defendant for a new trial. Granted, subject to voluntary assent to reduction of verdict.

Mortimer L. Sullivan, of Elmira, for plaintiff.

Alexander S. Diven, of Elmira, for defendant.

HAZEL, District Judge. This action was brought under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for personal injuries sustained owing to defendant's negligence in locating a gondola car on a crossover track in close proximity to a passing engine upon which plaintiff was engaged as fireman, and in consequence of which he was struck by the car as he leaned out of the cab. The verdict of the jury was $77,000. On a previous trial the damages awarded by the jury were $47,000, but the judgment was reversed by the Circuit Court of Appeals because of submission to the jury of a question arising out of a purported settlement between the parties before the action was brought. 7 F.(2d) 1010. On the retrial no testimony in relation to any settlement was tendered. The recovery is so unusually large that I am unable to escape the conclusion that the jury was influenced by sympathy for plaintiff, owing to the severe pain and suffering he endured at the hospital in the efforts of the physicians to save his life.

His neck, spine, and shoulder blade were fractured by his fall from the locomotive upon being struck, as he testified, by the stationary car on the crossover. Shortly after arriving at the hospital, he was put in a plaster cast, and later a metallic cast was substituted, extending from the top of his head to his hips; and in the course of the treatment a halter and pulley was at one time used on his head, with a weight attached, to straighten his spine and prevent curvature. It required, no doubt, drastic treatment to save his life. Although his life was spared, his shoulder and right arm were terribly atrophied, and since then the arm has been amputated. There is abundant evidence of other painful injuries, and no one doubted that he suffered severe pain and discomfort during all the time he was under treatment at the hospital—a period of about eight months. His pain and suffering and disfigurement entitle him to adequate compensation in addition to his pecuniary loss.

He was a locomotive fireman, 39 years of age, and claimed that he was in line for promotion to locomotive engineer at the time he was injured. His earning capacity was on an average of about $1,700 or $1,800 per annum.

At no time in this district has a verdict anywhere near as large been rendered. It is my judgment, based on verdicts in other cases in this jurisdiction, and also on decisions that have been rendered in the state courts, where the injuries and earning capacity were substantially similar, that the verdict should be pronounced excessive and reduced within proper limits. A case is called to my attention, decided in the Appellate Division, Second Department, in 1918 (Fried v. N. Y. N. H. & H. R. Co., 183 App. Div. 115, 170 N. Y. S. 697), where the recovery, on a second trial, was $85,000, with a loss of both arms at the shoulder and other injuries. On the first trial the recovery was $75,000, which was reduced by the trial judge to $55,000. The Appellate Division, in passing upon the second recovery, reduced the damages to $55,000, and considered in doing so, that plaintiff's attorney had a contract for half of the recovery and had himself expended about $12,000, which the court thought might be one reason, in the mind of the jury, for increasing the damages. Plaintiff was foreman of a gang of electric linemen, and it may be inferred

that his earning capacity equaled that of plaintiff here.

Attention is also drawn to Toledo, C. & O. R. Co. v. Miller, 108 Ohio St. 388, 140 N. E. 617, where a verdict of $75,000 in a negligence case was upheld by the Supreme Court of Ohio, but, on examining the case, it appears that plaintiff was a younger man than plaintiff here, and was engaged in conducting a carnival or show place. His injuries were of a most severe and painful character, and he lost both of his legs in consequence of his injuries.

Having in mind these citations, and others cited in briefs of counsel, I think that there should be a reduction in this case from $77,000 to $47,000, the amount of the recovery on the first trial. Unless stipulation is filed by plaintiff reducing the recovery as herein determined within 30 days, there must be a new trial. So ordered.